IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN FITZEN and MARIA FITZEN, <br><br> Plaintiffs, <br><br><br> vs. <br><br><br> ARTSPACE AFFORDABLE HOUSING, L.P., et al. <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTIONS TO DISMISS AND MOTION TO SET ASIDE SCHEDULING ORDER <br><br><br><br><br> Case No. 2:09-CV-470 |

The Court has before it Defendants' Motion to Dismiss Entire Action, or in the alternative, Motion to Strike and to Preclude (in Limine) Plaintiffs' List of Witnesses and Exhibits.[1] Additionally, the Court has before it Defendants' Motion to Set Aside Scheduling Order.[2] For the following reasons, the Court will deny these Motions.

---

[1]Docket Nos. 29 & 31. From the Court's review, these filings are duplicates of each other and will be treated as one in the same.

[2]Docket Nos. 33 & 34. Again, from the Court's review, these filings are duplicates of each other and will be treated as one in the same.

Defendants move the Court to dismiss Plaintiffs' entire action. The Court finds Defendants' request to dismiss this action to be untimely. The dispositive motion deadline in this action expired on December 15, 2010—well before the filing of the present Motion. The Court will therefore deny Defendants' request to dismiss this action.

Defendants move the Court to preclude Plaintiff from using certain exhibits and witnesses at trial as a sanction for Plaintiffs' untimely filing of their pretrial disclosures. The Court finds these arguments to be without merit. Instead of focusing on the untimeliness of Plaintiffs' pretrial disclosures, Defendants focus on Plaintiffs' larger failure to diligently pursue this action. Defendants contend that they have been unable to prepare for trial or prepare their defenses because Plaintiffs have failed to pursue discovery or otherwise prosecute this action. Although Plaintiffs have certainly been dilatory, the Court notes that the deadlines established in the Court's Scheduling Order apply to all parties. Defendants had a duty to comply with the relevant deadlines and pursue its defense—which they have likewise failed to do. Defendants' duty is not excused simply because Plaintiffs have been dilatory. Defendants do not demonstrate how Plaintiffs' delay in filing its proposed exhibits and witness lists sufficiently prejudiced them as to require the Court to exclude them from trial.[3] The Court will therefore deny this request.

Defendants lastly move the Court to set aside the current Scheduling Order. Under Fed.R.Civ.P. 16(b)(4), a Scheduling Order can be modified by a showing of "good cause." Defendants argue that the Scheduling Order should be set aside because Plaintiffs have failed to

---

[3] *See Burks v. Oklahoma Pub. Co.*, 81 F.3d 975, 978-979 (10th Cir. 1996) (listing factors to consider when determining whether a witness should be excluded).

prosecute this action and that Defendants are not prepared. As noted previously, the Court finds that all parties are at fault for the present status of this action. Moreover, simply being unprepared does not demonstrate sufficient "good cause" as to justify the setting aside of the Court's current Scheduling Order.[4] The Court will therefore deny Defendants' request to set aside the Scheduling Order.

It is therefore

ORDERED that Defendants' Motion to Dismiss Entire Action, Or in the Alternative, Motions to Strike and to Preclude (In Limine) Plaintiffs' List of Witnesses and Exhibits (Docket Nos. 29 & 31) are DENIED. It is further

ORDERED that Defendants' Motion to Set Aside Scheduling Order (Docket Nos. 33 & 34)[5] are DENIED.

DATED   April 26, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4]*See* Fed.R.Civ.P. 16(b)(4).

[5]Docket No. 33 is erroneously filed as "Defendant's Motion to Set Aside Memorandum in Support of Motion to Dismiss Entire Action."