IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN FITZEN and MARIA FITZEN,<br><br>　　Plaintiffs,<br><br>vs.<br><br>ARTSPACE AFFORDABLE HOUSING, L.P., ARTSPACE RUBBER COMPANY, L.C., EVERGREEN MANAGEMENT GROUP, LLC, THE LAW OFFICES OF KIRK A. CULLIMORE, LLC,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER ON MOTION TO DISMISS<br><br><br>Case No. 2:09-CV-470 TS |

## I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss, or in the Alternative, for a More Definite Statement.[1] On November 17, 2011, the Court held a hearing on Defendants' Motion to Dismiss Kirk A. Cullimore and Thomas Wood for Lack of Personal Jurisdiction,[2] Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction,[3] and Plaintiffs' Motion for Extension of Time to Oppose Defendants' Motion to Dismiss.[4] In that

---

[1] Docket No. 82.

[2] Docket No. 54.

[3] Docket No. 66.

[4] Docket No. 69.

1

hearing and by subsequent Order, the Court dismissed Plaintiffs' Complaint and gave Plaintiffs thirty days to file a Second Amended Complaint. Plaintiffs were also directed "not to reassert issues that they have previously conceded or that have already been ruled upon by the Court."[5] The parties now dispute which issues Plaintiffs are barred from reasserting. Defendants also argue that Plaintiffs' claim under the Fair Debt Collection Practices Act ("FDCPA") should be dismissed under Rule 12(b)(6). The Court will address each issue in turn.

## II. ISSUES NOT TO BE REASSERTED

The Court has reviewed the transcript from the November 17th hearing and hereby clarifies that Plaintiffs are not to reassert 1) any claim under 42 U.S.C. § 1983 or 2) any claim based on facts that occurred prior to the entry of judgment and issuance of writ of restitution in the state court proceedings. The Court also stated at that hearing that the only remaining issue over which the Court might have independent subject matter jurisdiction is the FDCPA claim, although the Court may have pendant jurisdiction over the remaining claims.

## III. 12(b)(6) MOTION TO DISMISS

Defendants move for dismissal of Plaintiffs' Second Amended Complaint under Rule 12(b)(6), arguing that many of Plaintiffs' allegations "do not specify sufficient facts to support FDCPA violations, or do not attribute specific, offending facts to the actual, allegedly violated statute."[6]

---

[5] Docket No. 80, at 2.

[6] Docket No. 83, at 2.

A.     STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[7]  Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[8] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[9]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[10]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[11]  As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

---

[7] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[9] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[10] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[11] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.[12]

B.   APPLICATION

Plaintiffs' first cause of action is for violation of the FDCPA. The statute prohibits debt collectors from engaging in certain conduct when communicating with individuals in connection with the collection of a debt. Plaintiffs allege that "[a]ll of the defendants except Artspace are debt collectors within the meaning of Section 803(b)(6) of the Federal Fair Debt Collection Practices Act."[13] However, this is no more than a conclusory allegation that cannot by itself survive a 12(b)(6) Motion.

Under the FDCPA, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[14] The term expressly does not include creditors, officers or employees of creditor who collect debts for and in the name of the creditor, and

> any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts.[15]

---

[12] *Iqbal*, 129 S. Ct. at 1949-50 (alteration in original) (internal quotation marks and citations omitted).

[13] Docket No. 81, at 13.

[14] 15 U.S.C. § 1692a(6).

[15] *Id.*

Plaintiffs do allege that Defendant Kirk A. Cullimore and Defendant Law Offices of Kirk Cullimore both engage in business that "consists primarily in the collection of consumer debts."[16] Plaintiffs also allege that "[t]he collection attorneys and Cullimore, with help from Artspace and Evergreene agents, seized Plaintiff's' remaining personal property prior to having any court order or leave to do so."[17] The FDCPA expressly prohibits "[t]aking . . . any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest."[18]

Accepting Plaintiffs' allegation as true, the Court finds that Plaintiffs have properly pled a claim for violation of the FDCPA against both The Law Offices of Kirk A. Cullimore and Kirk Cullimore as an individual. However, Plaintiffs have not made any non-conclusory allegations sufficient to maintain an FDCPA claim against any of the remaining Defendants, as Plaintiffs do not allege facts that, if taken as true, would support a finding the remaining Defendants are debt collectors. Therefore, the Court will grant Defendants' Motion to Dismiss with respect to Plaintiffs' claim for violation of the FDCPA against all Defendants except Kirk Cullimore and The Law Offices of Kirk A. Cullimore.[19]

---

[16] Docket No. 81, at 2-3.

[17] *Id.* at 6.

[18] 15 U.S.C. § 1692f(6).

[19] Defendants' Motion does not argue that any of Plaintiffs' other claims were deficient under Rule 12(b)(6), and Defendants' have also not re-raised the issues brought in Docket Nos. 54 and 69, which the Court denied as moot when dismissing Plaintiffs' First Amended

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 82) is GRANTED IN PART AND DENIED IN PART.

DATED   May 10, 2012.

                    BY THE COURT:

                    TED STEWART
                    United States District Judge

---

Complaint.  As these issues have not been briefed by the parties, the Court will not address them at this time.  Defendants are free to raise any of these issues by separate motion.