IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN FITZEN AND MARIA FITZEN,<br><br>    Plaintiffs,<br><br><br>    vs.<br><br><br>ARTSPACE AFFORDABLE HOUSING, L.P., ARTSPACE RUBBER COMPANY, L.C., EVERGREEN MANAGEMENT GROUP, LLC, THE LAW OFFICES OF KIRK A. CULLIMORE, LLC,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br><br>Case No. 2:09-CV-470 TS |

This matter is before the Court on Defendants' Motion to Dismiss Kirk A. Cullimore and Thomas Wood for Lack of Personal Jurisdiction.[1] On November 17, 2011, the Court dismissed Plaintiffs' amended complaint without prejudice to Plaintiffs' filing of a second amended complaint. By the same Order, the Court denied the instant Motion as moot. Now that Plaintiffs have filed a second amended complaint, the Court finds that the Motion is no longer moot.

I. BACKGROUND

Plaintiffs filed a complaint against Defendant Kirk Cullimore on May 21, 2009. Defendant Cullimore has never been served by Plaintiffs and did not file an answer to Plaintiffs'

---

[1] Docket No. 54.

1

complaint. Plaintiffs filed an amended complaint adding Thomas Wood as a Defendant on March 28, 2010. Plaintiffs never served Defendant Wood, although he did file an answer to Plaintiffs' amended complaint on July 16, 2010. This answer did not include a defense for insufficient service of process. On July 22, 2011, Defendants filed the instant Motion, citing insufficient service of process. Plaintiffs did not oppose this Motion.

## II. LEGAL STANDARD

A claim may be dismissed for insufficient service of process under Fed.R.Civ.P. 12(b)(5). However, if a plaintiff is able to show "good cause for the failure [to serve a defendant], the court must extend the time for service for an appropriate period."[2] Furthermore, "[u]nlike subject matter jurisdiction, in personam jurisdiction may be obtained by actions of a party amounting to a waiver."[3] Failing to include a 12(b)(5) defense for insufficient service of process in a responsive pleading constitutes such a waiver.[4]

## III. ANALYSIS

Defendant Cullimore did not file a responsive pleading or otherwise waive his 12(b)(5) defense. Furthermore, Plaintiffs have not represented to the Court why Defendant Cullimore was not served, and therefore have not shown good cause for their failure to serve him. The Court will therefore grant Defendants' Motion with respect to Defendant Cullimore.

---

[2] Fed.R.Civ.P. 4(m).

[3] *English v. 21st Phoenix Corp.*, 590 F.2d 723, 728 n.5 (8th Cir. 1979).

[4] Fed.R.Civ.P. 12(h)(1).

As Defendant Wood failed to include a defense for insufficient service of process in his answer, he waived any Rule 12(b)(5) defense he may have otherwise asserted. The Court will therefore deny Defendants' Motion with respect to Defendant Wood.

## IV. CONCLUSION

Therefore, it is hereby

ORDERED that Defendant's Motion to Dismiss Kirk A. Cullimore and Thomas Wood for Lack of Personal Jurisdiction (Docket No. 54) is GRANTED IN PART AND DENIED IN PART.

DATED   July 17, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge