IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN FITZEN and MARIA FITZEN<br><br>    Plaintiffs,<br><br><br><br><br><br>vs.<br><br><br><br>ARTSPACE AFFORDABLE HOUSING , L.P.; ARTSPACE RUBBER COMPANY, L.C.; EVERGREEN MANAGEMENT GROUP, LLC; THE LAW OFFICES OF KIRK A. CULLIMORE, LLC;<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFFS' MOTION TO STRIKE, AND DENYING PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME<br><br><br><br>Case No. 2:09-CV-470 |

      This matter is before the Court on Defendant The Law Offices of Kirk A. Cullimore, LLC's ("The Law Offices") Motion for Summary Judgment. Also before the Court are Plaintiffs' Emergency Motion to Strike Defendant's Motion for Summary Judgment and Plaintiffs' Motion to Clarify and/or Extend the Time for Plaintiffs to Respond to Defendant's

1

Motion for Summary Judgment. For the reasons discussed below, the Court will deny Plaintiffs' Motions and grant Defendant's Motion for Summary Judgment.

## I. PROCEDURAL HISTORY

In its May 10, 2012 Memorandum Decision and Order, this Court found that the only remaining issue over which the Court has independent subject matter jurisdiction is Plaintiffs' claim under the Fair Debt Collection Practices Act ("FDCPA"), although the Court noted that it might have pendant jurisdiction over the remaining claims.[1] This Court additionally held that Plaintiffs had only properly alleged a claim for violation of the FDCPA against The Law Offices and against Kirk Cullimore as an individual.[2] As Defendants had not argued that any of Plaintiffs' other claims were deficient, the Court declined to consider them at that time.[3] On July 19, 2012, this Court granted Defendants' motion to dismiss with respect to Defendant Kirk A. Cullimore,[4] leaving The Law Offices as the only remaining Defendant with respect to Plaintiffs' FDCPA claim.

On December 28, 2012, the cutoff date for filing a dispositive motion, The Law Offices filed a Motion for Summary Judgment on Plaintiffs' FDCPA claim.[5] Although the Motion was properly filed on December 28, 2012, the exhibits in support of the Motion were not filed until

---

[1] Docket No. 89, at 2.

[2] *Id.* at 5.

[3] *Id.* at 5 n.19.

[4] Docket No. 92, at 2.

[5] Docket No. 98.

January 3, 2013.[6]  On January 28, 2013, Plaintiffs filed their Emergency Motion to Strike Defendants' Motion for Summary Judgment and their Motion to Clarify and/or Extend the Time for Plaintiffs to Respond to Defendants' Motion for Summary Judgment.

## II.  DISCUSSION

A.      MOTION TO STRIKE

Plaintiffs' Motion to Strike argues that because Defendant failed to file its exhibits in support of its Motion for Summary Judgment by the cutoff date for dispositive motions, the Court must strike Defendant's Motion.  This argument is without merit.  Plaintiffs cite no authority for their proposition that the late filing of evidence in support of Defendant's Motion changes the effective filing date of the Motion.

Instead, Plaintiffs might properly argue that Defendant's exhibits should be stricken and that the Court should disregard the exhibits in its consideration of Defendant's Motion.  However, this type of Motion to Strike is not proper under the local rules.  Under DUCivR 7-1(b)(1)(B) such evidentiary objections must be included in a response memorandum or in a separate document filed in conjunction with the response memorandum.  A filing of a Motion to Strike does not supplant Plaintiffs' obligation to file their opposition to Defendant's Motion for Summary Judgment.

Although Plaintiffs have styled their Motion to Strike as an "Emergency Motion," the Court cannot discern any facts supporting an emergency.  Plaintiffs have failed to allege any surprises or unexpected circumstances.  Instead, Plaintiffs simply point to the fact that

---

[6] Docket No. 99.

3

Defendant's exhibits were filed on January 3, 2013, twenty-five days before Plaintiffs' Motion to Strike. However, these late exhibits do not contain any information of which Plaintiffs were unaware. Instead, six of Defendant's seven exhibits are documents that were filed in a related state court action to which Plaintiffs were parties: (1) the state court complaint; (2) excerpts from the docket; (3) the court's findings of fact and conclusions of law; (4) the judgment and order; (5) the order of restitution; and (6) the stipulation and confession of judgment.[7] The seventh exhibit is the notice to comply or vacate that was served on Plaintiffs.[8] Each of these exhibits is described in Defendant's Motion for Summary Judgment. In light of these facts, it does not appear to the Court that Plaintiffs are prejudiced in any way by the late filing of the exhibits.

As Plaintiffs' Motion to Strike is procedurally improper and otherwise without merit, it will be denied.

B.   MOTION TO CLARIFY

Although Plaintiffs' memorandum in opposition to Defendant's Motion for Summary Judgment was due on January 28, 2013, Plaintiffs have failed to file their memorandum. Instead, moments before the filing deadline on the eve of the hearing set for the Motion, and mere days from trial in this matter, Plaintiffs' request an extension of time. The only reason that Plaintiffs cite is the late filing of Defendant's exhibits. As discussed earlier, the late filing of the exhibits has not prejudiced Plaintiffs in any way. Plaintiffs already had access to and knowledge of all of the information contained in those exhibits. The propositions the exhibits were intended to

---

[7]Docket No. 99.

[8]*Id.*

support were adequately described in Defendant's Motion.

Although the timing of Defendant's filing had been known to Plaintiffs for twenty-five days, Plaintiffs elected to wait until the last minute possible to file their Motions. As the Court can find no proper reason for this timing, it seems that Plaintiffs' purpose must be delay and surprise. Plaintiffs' Motions were filed one day before the hearing set for the Motion for Summary Judgment and two weeks before the trial date. Plaintiffs seek to push its response back one week, leaving the parties and the Court only one week to prepare for trial. Finding no basis for an extension of time, the Court will deny Plaintiffs' Motion.

C. MOTION FOR SUMMARY JUDGMENT

In its Motion for Summary Judgment, Defendant asserts that Plaintiffs have not provided any evidence in support of their FDCPA claim. Plaintiffs have not filed a memorandum in opposition to Defendant's Motion or otherwise filed any affidavits containing evidence sufficient to meet their burden of proof at trial.

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.[9]

Additionally, under DUCivR 56-1(f), "[f]ailure to respond timely to a motion for summary judgment may result in the court's granting the motion without further notice."

Reviewing Defendant's Motion, the Court finds that Defendant is entitled to summary judgment unless Plaintiffs can provide evidence to the contrary. As Plaintiffs have not responded

---

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

to Defendant's Motion for Summary Judgment or otherwise supplied the Court with evidence beyond the allegations contained in their pleadings, the Court will grant Defendant's Motion for Summary Judgment on Plaintiffs' claims under the FDCPA.  The Court does not have independent jurisdiction over the remaining state law claims, and declines to exercise supplemental jurisdiction.[10]  Therefore, the remaining claims will be dismissed without prejudice to Plaintiffs bringing their claims in a court with appropriate jurisdiction.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Strike Defendants' Motion for Summary Judgment (Docket No. 105) is DENIED.  It is further

ORDERED that Plaintiffs' Motion to Clarify and/or Extend the Time for Plaintiffs to Respond to Defendants' Motion for Summary Judgment (Docket No. 106) is DENIED.  It is further

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 98) is GRANTED.  The Clerk of the Court is directed to enter judgment in favor of Defendant The Law Offices of Kirk A. Cullimore and against Plaintiffs on Plaintiffs' claim under the FDCPA, and to close this case forthwith.

---

[10] *See* 28 U.S.C. § 1367(c).

DATED   January 29, 2013.

                          BY THE COURT:

                          _____
                          TED STEWART
                          United States District Judge